Filed 7/21/26  Opong-Mensah v. Marin Community College Dist. CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| KOFI OPONG-MENSAH, <br><br>    Plaintiff and Appellant, <br><br> v. <br><br> MARIN COMMUNITY COLLEGE DISTRICT, <br><br>    Defendant and Respondent. | A173577 <br><br><br> (Marin County <br> Super. Ct. No. CIV1903799) |

After post-judgment litigation, Kofi Opong-Mensah asked the trial court to vacate his voluntary dismissal of his first appeal and for a new trial. On May 20, 2025, the court denied his motion to vacate the dismissal.  On June 3, it took the new trial motion off calendar.  Again, he appeals and challenges both orders.  We affirm the court's ruling on the motion to vacate and dismiss the appeal from its decision to take the new trial motion off calendar.

### BACKGROUND

On July 19, 2024, Opong-Mensah — represented by counsel — agreed to dismiss his claims against Marin Community College District (college) in exchange for $180,000.  The trial court dismissed the case and entered judgment the same day.  Thereafter, Opong-Mensah began representing himself.  In November, the court denied his motion for relief from the settlement agreement.

1

Opong-Mensah appealed but voluntarily abandoned his appeal to pursue litigation in the trial court.[1]  In January 2025, the trial court denied his motion for reconsideration, and he asked this court to reinstate his appeal.  This court concluded the abandonment "effected a dismissal of the appeal and returned jurisdiction to the superior court."

In February 2025 — nearly a month after this court concluded it did not have jurisdiction to hear his first appeal — Opong-Mensah asked the trial court to vacate the dismissal under Code of Civil Procedure section 473, subdivision (b) (section 473(b)), and to order a new trial.  He argued that although he intended to abandon the appeal, he also intended to " 'undo' " the abandonment after the court ruled on his outstanding motions.  He suggested "that he was misinformed about the applicable law and did not understand the implications of his actions."

The trial court denied the motion to vacate.  It determined Opong-Mensah's conduct in abandoning the appeal and then delaying his motion to reinstate it was inexcusable.  And it took the new trial motion off calendar, concluding it did not have jurisdiction because the motion was untimely.

## DISCUSSION

Opong-Mensah challenges the trial court's ruling on his motion to vacate his voluntary dismissal of the appeal.  We are unpersuaded.

Section 473(b) provides that a court " 'may, upon any terms as may be just, relieve a party' " " 'from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect.' "  (*Hearn v. Howard* (2009) 177 Cal.App.4th 1193, 1205.)  "Mistake is not a ground for relief" when " 'the

---

[1] On our own motion, we take judicial notice of the docket in appeal No. A172162.  (*Estate of Sanchez* (2023) 95 Cal.App.5th 331, 334–335, fn. 2.)

court finds that the "mistake" is simply the result of professional incompetence, general ignorance of the law, or unjustifiable negligence in discovering the law.' " (*Id.* at p. 1206.)  Surprise " 'refers to " 'some condition or situation in which a party . . . is unexpectedly placed to [their] injury, without any default or negligence of [their] own, which ordinary prudence could not have guarded against.' " ' " (*Ibid.*)  Inadvertence or neglect requires the litigant to act as " 'a reasonably prudent person under the same circumstances.' " (*Ibid.*)  To succeed on appeal, the appellant must show the trial court abused its discretion.  (*McClain v. Kissler* (2019) 39 Cal.App.5th 399, 413.)

Opong-Mensah fails to persuade us that the trial court abused its discretion.  (*McClain v. Kissler*, *supra*, 39 Cal.App.5th at p. 413; *Bullock v. Phillip Morris USA, Inc.* (2008) 159 Cal.App.4th 655, 685 [appellant must "affirmatively demonstrate error through reasoned argument, citation to the appellate record, and discussion of legal authority"].)  Put simply, he makes no attempt to demonstrate mistake, inadvertence, surprise, or excusable neglect, and we will not make those arguments for him.  (*Inyo Citizens for Better Planning v. Inyo County Bd. of Supervisors* (2009) 180 Cal.App.4th 1, 14; *Tanguilig v. Valdez* (2019) 36 Cal.App.5th 514, 520 [self-represented litigants are " 'entitled to the same, but no greater, consideration than other litigants and attorneys' "].)  Instead, he challenges the settlement agreement, contends his motion for a new trial was timely and the trial court did have jurisdiction to hear it, and attacks the superior court's administration. (*Provost v. Regents of University of California* (2011) 201 Cal.App.4th 1289, 1294 [we do not consider the loose and disparate arguments that are not clearly set out in a heading].)  But none of those contentions are relevant to

3

the court's decision on his request to vacate his abandonment of his first appeal. (*Hearn v. Howard, supra,* 177 Cal.App.4th at pp. 1205–1206.)

Next, Opong-Mensah challenges the trial court's decision to take his motion for a new trial off calendar. The order is nonappealable, and we have no jurisdiction to entertain an appeal from it. (*Walker v. Los Angeles County Metropolitan Transportation Authority* (2005) 35 Cal.4th 15, 18; *Munoz v. Florentine Gardens* (1991) 235 Cal.App.3d 1730, 1732.) In any event, the court entered and served notice of entry of judgment in July 2024 — 11 months before he lodged his notice of appeal. Thus, even if we were to construe his appeal as an appeal from the underlying judgment, it is untimely. (*Walker*, at p. 18; *Reyes v. Kruger* (2020) 55 Cal.App.5th 58, 72 [setting forth rules for timely filing an appeal].) And since his motion for new trial was untimely in the trial court, he was not entitled to an extension of time to file an appeal from the judgment. (*Reyes*, at pp. 72 [time to appeal extended when party complies with strict time limits for filing a notice of intent to move for new trial], 73 [trial court loses jurisdiction to hear new trial motion if no notice of intent filed within 15 days of service of notice of entry of judgment].)

## DISPOSITION

The trial court's May 20, 2025 order is affirmed. Opong-Mensah's appeal from the court's June 3, 2025 order is dismissed. (*Munoz v. Florentine Gardens, supra,* 235 Cal.App.3d at p. 1732.) The college shall recover its costs on appeal not subject to Opong-Mensah's fee waiver. (Cal. Rules of Court, rules 8.26(e), 8.278(a)(1) & (2).)

4

_____

RODRÍGUEZ, J.


WE CONCUR:


_____

TUCHER, P. J.


_____

FUJISAKI, J.


A173577; *Opong-Mensah v. Marin CCD*